FILED
11 APR 21 AM 3:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC PINES RACQUET CLUB OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>MAXUM INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. 10-cv-2273 BEN (RBB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND CAUSE OF ACTION<br><br>[Docket No. 8] |

Before the Court is Defendant's motion to dismiss ("Motion") Plaintiff's Second Cause of Action, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 8.) For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This action relates to a construction defect action titled *Pacific Pines Racquet Club Owners Association v. Pacifica Encinitas, L.P.*, San Diego Superior Court, Case No. GIC 878 280 (the "Underlying Action"). In the Underlying Action, Plaintiff alleged that Sully-Jones Contractors, Inc. ("Sully-Jones") performed defective roofing work on Plaintiff's property. (Compl., ¶¶ 1, 8, 20.) On or around July 30, 2010, Plaintiff and Sully-Jones entered into a stipulated judgment for $4,800,000. (Compl., Ex. A.) Plaintiff then instituted this action to recover the $4,800,000 stipulated judgment from Sully-Jones' insurance company, *i.e.*, Defendant. (Compl., ¶¶ 1, 8, 20.) The Court notes that Defendant contests coverage, and the issue of coverage is currently pending in this Court, in the case

1 *Sully-Jones Contractors, Inc. v. American Safety Indemnity Company*, 08-cv-1976 BEN (RBB).

2     Plaintiff asserts two causes of action against Defendant: (1) Third Party Judgment Creditor
3 against Insurer (Insurance Code section 11580) (First Cause of Action), and (2) Breach of the Implied
4 Covenant of Good Faith and Fair Dealing (Second Cause of Action). Defendant's Motion only seeks
5 dismissal of the Second Cause of Action.

6     Being fully briefed, the Court finds the Motion suitable for determination on the papers without
7 oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

9     Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual
10 allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P.
11 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Under this standard, dismissal is
12 appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery
13 will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory
14 under which relief may be granted. *Id.* at 556.

15     As noted, the Second Cause of Action alleges bad faith. Specifically, Plaintiff alleges
16 Defendant breached its obligation to act fairly and in good faith by (1) failing to defend, settle or
17 indemnify Sully-Jones in the Underlying Action, and (2) failing to pay Plaintiff as judgment creditor
18 under the stipulated judgment. (Compl., ¶ 22.)

19     An insurer's duty of good faith and fair dealing arises from the insurance contract and runs to
20 the insured. *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 39, 400-01 (2000); *Murphy
21 v. Allstate Ins. Co.*, 17 Cal.3d 937, 941-44 (1976). No such duty can be implied in favor of a third-
22 party claimant because the claimant is a "stranger" to the contract. *Id.* Nor can the claimant
23 reasonably expect there to be a duty, as the insurer's and the insured's interests are aligned against the
24 claimant. *Id.*

25     The decision in *Hand v. Farmers Ins. Exch.*, 23 Cal. App. 4th 1847 (1994) does not change this
26 general rule. The *Hand* court held that the implied covenant of good faith and fair dealing imposes
27 a duty on the insurer not to unreasonably withhold payment of damages, when the insured has become
28 obligated to pay such damages by way of judgment. In that case, the issue of liability had been

adjudicated and reduced to judgment. The insurance company had also promised to cover the plaintiff's claim and had defended the insured during litigation. Subsequent courts have recognized and confirmed that *Hand* only applies in those limited circumstances. *Maxwell v. Fire Ins. Exch.*, 60 Cal. App. 4th 1446, 1452 (1998) (refusing to apply *Hand* and affirming trial court's grant of summary judgment in favor of insurer on third-party's bad faith claim); *Hughes v. Mid-Century Ins. Co.*, 38 Cal. App. 4th 1176, 1184-85 (1995)(holding that third-party could not maintain a bad faith claim against insurer because the underling judgment was not final when the bad faith claim was filed). Plaintiff has not alleged such circumstances exist in this case, nor has it alleged it obtained an assignment of Sully-Jones' rights against Defendant. *Murphy,* 17 Cal. 3d at 944. Accordingly, the Court finds that Plaintiff's Second Cause of Action fails to state a claim for relief against Defendant. The Court does not address Defendant's other arguments, as those arguments are moot.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the second cause of action in Plaintiff's Complaint is **GRANTED**. Plaintiff is granted leave to amend to correct the deficiencies outlined above. Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). Any such amended complaint must be filed no later than May 9, 2011.

**IT IS SO ORDERED.**

Date: April 20, 2011

Hon. Roger T. Benitez
United States District Court Judge