FILED

2011 JUL -8 AM 11: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC PINES RACQUET CLUB OWNERS ASSOCIATION,<br><br>                              Plaintiff,<br><br>vs.<br><br>MAXUM INDEMNITY COMPANY,<br><br>                              Defendant. | CASE NO. 10-cv-2273 BEN (RBB)<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>[Docket No. 23] |

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 23.) For the reasons set forth below, the Motion is **GRANTED**. Plaintiff's Second Claim is **DISMISSED**.

## BACKGROUND

This action relates to a construction defect action titled *Pacific Pines Racquet Club Owners Association v. Pacifica Encinitas, L.P.*, San Diego Superior Court, Case No. GIC 878 280 (the "Underlying Action"). In the Underlying Action, Plaintiff alleged that Sully-Jones Contractors, Inc. ("Sully-Jones") performed defective roofing work on Plaintiff's property. (First Am. Compl. ¶ 8.) On or around July 30, 2010, Plaintiff and Sully-Jones entered into a stipulated judgment for $4,800,000. (*Id.*, Ex. A.) Plaintiff then instituted this action to recover the $4,800,000 stipulated judgment from Sully-Jones' insurance company, *i.e.*, Defendant. (*Id.* ¶ 13.) The Court notes that Defendant contests coverage, and the issue of coverage is currently pending in this Court, in the case *Sully-Jones Contractors, Inc. v. American Safety Indemnity Company*, 08-cv-1976 BEN (RBB).

Plaintiff filed this action on November 4, 2010. In its original complaint, Plaintiff asserted two claims: (1) Third Party Judgment Creditor Against Insurer (Insurance Code Section 11580), and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing. Defendant moved to dismiss the Second Claim. The Court granted that motion, giving Plaintiff leave to amend its complaint. Plaintiff filed a First Amended Complaint on May 6, 2011, again alleging (1) Third Party Judgment Creditor Against Insurer (Insurance Code Section 11580), and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing.

Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint. Defendant again seeks to dismiss Plaintiff's Second Claim. Being fully briefed, the Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Id.* at 556.

As noted, the Second Claim alleges that Defendant breached the implied covenant of good faith and fair dealing that it owed to Plaintiff as a third-party beneficiary under the insurance policy and as a judgment creditor. Specifically, Plaintiff alleges Defendant breached its obligation to act fairly and in good faith by (1) failing to pay Plaintiff as judgment creditor under the stipulated judgment, and (2) failing to defend Sully-Jones in the Underlying Action. (First Am. Compl. ¶¶ 27, 29.)

An insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 39, 400–01 (2000); *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 941–44 (1976). No such duty can be implied in favor of a third-party claimant because the claimant is a "stranger" to the contract. *Id.* Nor can the claimant reasonably expect there to be a duty, as the insurer's and the insured's interests are aligned against the

claimant. *Id.*

As discussed in the Court's April 21 Order, the decision in *Hand v. Farmers Insurance Exchange*, 23 Cal. App. 4th 1847 (1994), does not change this general rule. The *Hand* court held that the implied covenant of good faith and fair dealing imposes a duty on the insurer not to unreasonably withhold payment of damages, when the insured has become obligated to pay such damages by way of judgment. *Id.* at 1860. In that case, the issue of liability had been adjudicated and reduced to judgment. *Id.* at 1852. The insurance company had also promised to cover the plaintiff's claim and had defended the insured during litigation. *Id.* at 1851. Plaintiff has not alleged such circumstances exist in this case, nor has it alleged it obtained an assignment of Sully-Jones' rights against Defendant. *Murphy,* 17 Cal. 3d at 944. That Plaintiff amended its complaint to limit its allegations of bad faith to the time period after it became a judgment creditor is inconsequential, as *Hand* does not support the proposition that a duty of good faith and fair dealing run to a judgment creditor in the circumstances presented here.

Subsequent courts have recognized and confirmed that *Hand* only applies in limited circumstances. *Maxwell v. Fire Ins. Exch.*, 60 Cal. App. 4th 1446, 1452 (1998) (refusing to apply *Hand* and affirming trial court's grant of summary judgment in favor of insurer on third-party's bad faith claim); *Hughes v. Mid-Century Ins. Co.*, 38 Cal. App. 4th 1176, 1184–85 (1995) (holding that third-party could not maintain a bad faith claim against insurer because the underling judgment was not final when the bad faith claim was filed). Plaintiff argues that *Maxwell* and *Hughes* are factually distinguishable from the present action because Defendant "was an even worse actor than the insurers in *Maxwell* and *Hughes* and [Defendant's] bad-faith conduct toward [Plaintiff] after entry of judgment went beyond its refusal to pay." (Pl. Opp., at 8.) Plaintiff's argument, however, does not address the limitations of *Hand* recognized in those cases.

Plaintiff presents several arguments in support of its assertion that *Hand* is applicable to this action. First, Plaintiff argues that the distinction between an adjudicated judgment in *Hand* and a stipulated judgment in the present action is "illogical." (*Id.* at 6.) Plaintiff cites *Fuller-Austin Insulation Company v. Highlands Insurance Company*, 135 Cal. App. 4th 958, 984 (2006), and *Sanchez v. Truck Insurance Exchange*, 21 Cal. App. 4th 1778, 1787 (1994), to support the proposition

that an insurer is bound by an insured's stipulated judgment when the insurer wrongfully refuses to defend an underlying action. In addition, Plaintiff cites *Hamilton v. Maryland Casualty Company*, 27 Cal. 4th 718, 728 (2002), and *Amato v. Mercury Casualty Company*, 53 Cal. App. 4th 825, 837 (1997), for the proposition that an insurer may not challenge the validity of a judgment if it refuses to defend an insured. None of these authorities, however, address whether a judgment creditor, as Plaintiff is here, may enforce a stipulated judgment without an assignment of rights from the insured.

Second, Plaintiff argues that Defendant's refusal to both defend Sully-Jones and pay Plaintiff as a judgment creditor makes Defendant a "worse actor" than the insurer in *Hand*. (Pl. Opp., at 6–7.) Plaintiff does not cite any authority, however, to support why this would give Plaintiff a valid claim against Defendant for breach of the implied covenant of good faith and fair dealing as a judgment creditor.

Third, Plaintiff argues that the fact that the stipulated judgment between Sully-Jones and Plaintiff in the Underlying Action was above the policy limits—unlike the judgment in *Hand*—is inapplicable as to whether Plaintiff may assert a bad faith claim against Defendant. Again, Plaintiff does not cite any authority to support this proposition.

Fourth, Plaintiff argues that Defendant's obligation to pay the stipulated judgment is not limited to the amount covered under the insurance policy. All of the cases Defendant cites in support of this proposition are inapposite. *Executive Risk Indemnity, Inc. v. Jones*, 171 Cal. App. 4th 319 (2009), *Samson v. Transamerica Insurance Company*, 30 Cal. 3d 220 (1982), *Consolidated American Insurance Company v. Mike Soper Marine Services*, 942 F.2d 1421 (9th Cir. 1991), and *Johansen v. California State Automobile Association Inter-Insurance Bureau*, 15 Cal. 3d 9 (1975), all involve an assignment of rights from the insured to the judgment creditor. *Amato v. Mercury Casualty Company*, 53 Cal. App. 4th 825 (1997), is an action by the insured against the insurer.

In addition, Plaintiff argues that *Harper v. Wausau Insurance Company*, 56 Cal. App. 4th 1079 (1997), and *Howard v. American National Fire Insurance Company*, 187 Cal. App. 4th 498 (2010), are additional authority for the proposition that a judgment creditor, as a third party beneficiary under the insurance policy, may sue an insurer for bad faith after an entry of judgment. These cases, however, are inapposite. First, in *Harper*, the court distinguished between the liability provision of

the insurance policy at issue, based on the insured's fault, and the medical payments provision, based on injury occurring on the insured's property. *Harper*, 56 Cal. App. 4th at 1091. The court held that an individual injured on an insured's property may sue the insurer under the insurance policy's medical payments provision. *Id.* at 1090. The present action, in contrast, is based upon the insurance policy's liability provision. Second, in *Howard*, the court held that the insurer acted in bad faith when it failed to defend, settle, and indemnify the insured, *Howard*, 187 Cal. App. 4th at 529, rather than the third party judgment creditor. In addition, *Howard* involved an adjudicated judgment, *id.* at 511–12, while the present action involves a stipulated judgment.

Lastly, Plaintiff argues that an assignment of rights is not required for a judgment creditor to pursue a bad-faith claim for an insurer's conduct after entry of judgment, citing both *Hand* and *Harper* in support of this proposition. *Hand* and *Harper* are inapposite to the present action, as discussed above.

Accordingly, the Court finds that Plaintiff's Second Claim fails to state a claim for relief against Defendant. The Court does not address Defendant's other arguments, as those arguments are moot.

## CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED**. Plaintiff's Second Claim is **DISMISSED**. Plaintiff is **GRANTED** forty-five (45) days from the date of this Order to file a Second Amended Complaint. If Plaintiff's Second Claim in the Second Amended Complaint still fails to state a claim upon which relief can be granted, the Second Claim will be dismissed without any further leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: July __, 2011

HON. ROGER T. BENITEZ
United States District Court Judge